[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 28, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-16409

_____

D. C. Docket No. 94-00092 CV-FTM-29D

MICHELLE OCHRAN,

                                            Plaintiff-Appellant,

    versus

UNITED STATES OF AMERICA,

                                            Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 28, 2001)**

Before BIRCH, DUBINA and COX, Circuit Judges.

BIRCH, Circuit Judge:

In this appeal, we evaluate whether the district court had subject matter jurisdiction to hear Michelle Ochran's tort claim against the Government, filed pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. The district court found sovereign immunity based on the misrepresentation exception of the FTCA, and granted summary judgment. Ochran appeals. We conclude that summary judgment for the defendant was appropriate, but for a different reason. The district court lacked subject matter jurisdiction: Ochran did not allege facts which support a violation of a state law duty, a prerequisite to liability under the FTCA. Accordingly, we AFFIRM the district court's decision.

## I. BACKGROUND

In 1991, Ochran served as an informant in the criminal investigation of Frank Restaino.[1] Restaino, suspected of drug trafficking, learned that Ochran was communicating with the prosecution and threatened to kill her. Ochran's father told Susan Daltuva, the Assistant United States Attorney ("AUSA") prosecuting the case, that his daughter had been threatened. Daltuva warned Restaino not to make such threats again, and she took no further action. Daltuva did not explain

---

[1]Our prior opinion details the facts in this case. See Ochran v. United States, 117 F.3d 495, 498-99 (11th Cir. 1997) ("Ochran I").

that Ochran could independently apply for a remedy against intimidation, such as a restraining order. One month later, Restaino kidnaped Ochran, choked her, stabbed her repeatedly, and left her for dead.

Ochran survived the attack, and she accuses the AUSA of negligence. In 1997, we adjudicated two of Ochran's claims, holding that the discretionary function exception of the FTCA barred liability for the AUSA's decisions not to protect Ochran and not to inform the U.S. Marshals of Restaino's threats. See Ochran I, 117 F.3d at 501-02; 28 U.S.C. § 2680(a). Our decision in Ochran I left one claim to be litigated: whether the AUSA was negligent in failing to inform Ochran of the remedies against intimidation and harassment available to a victim/witness under the Attorney General Guidelines. Ochran I, 117 F.3d at 502-04.

On remand, the district court determined that it lacked jurisdiction to hear Ochran's remaining claim. The district court's decision was based on the misrepresentation exception of the FTCA, which provides that sovereign immunity bars liability for misrepresentations made by federal employees. 28 U.S.C. § 2680(h). Ochran appeals.

## II. DISCUSSION

We review de novo the district court's decision to dismiss for lack of subject matter jurisdiction. Ochran I, 117 F.3d at 499. The Government argues that the misrepresentation exception aside, Ochran's claim must fail because she has alleged no violation of state law.[2]

The first step in assessing the Government's argument is analyzing the language of the FTCA, which provides that liability should be determined "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The Supreme Court has observed that "we have consistently held that § 1346(b)'s reference to the 'law of the place' means law of the State - - the source of substantive liability under the FTCA." F.D.I.C. v. Meyer, 510 U.S. 471, 478, 114 S. Ct. 996, 1001 (1994). "Law of the place" does not mean federal law; the FTCA was not intended as a mechanism for enforcing federal statutory duties. Howell v. United States, 932 F.2d 915, 917 (11th Cir. 1991). Instead, the FTCA was designed "to provide redress for ordinary torts recognized by state law." Id. Indeed, our court has squarely addressed this issue, holding that unless the facts support liability under state law, the district court lacks subject matter

---

[2] When Ochran's case was before this court in 1997, we explicitly stated that she must allege a violation of state law duty in order to succeed under the FTCA. Ochran I, 117 F.3d at 504 n.6.

jurisdiction to decide an FTCA claim.  Lawrence v. Dunbar, 919 F.2d 1525, 1528 (11th Cir. 1990) (per curiam).

Ochran's theory of liability is negligence, so we turn to the law of Florida to determine whether Daltuva owed a duty of care to Ochran.  The Florida Supreme Court has held that whether a governmental entity owes a duty of care to an individual depends on the presence of a "special relationship."  Everton v. Willard, 468 So.2d 936, 938 (Fla. 1985).  Such a relationship can be established when "the police accept the responsibility to protect a particular person who has assisted them in the arrest or prosecution of criminal defendants and the individual is in danger due to that assistance."  Id.

Everton's "special relationship" test has been applied to a case in which a state attorney was accused of negligence in providing protection to a witness.  State v. Powell, 586 So.2d 1180 (Fla. Dist. Ct. App. 1991).  In Powell, the state attorney subpoened Powell to testify against her husband.  Powell's husband threatened to harm her if she testified, and Powell communicated that threat to the state attorney's office.  The state attorney took no action. When Powell arrived at the courthouse, Powell's husband poured gasoline over her and set her on fire.  Powell sued the state attorney for negligence, arguing that the duty element was satisfied because a special relationship had been formed through the subpoena and the fact

5

that the state attorney knew of the threats made against her. At trial, the court held that no special relationship had formed because the state attorney did not undertake the responsibility of protecting Powell. Id. at 1184.

As in Powell, AUSA Daltuva did not undertake the responsibility to protect Ochran. This fact is not in dispute; Ochran's argument is premised on the fact that Daltuva chose not to offer protection. Since a special relationship forms only when "a law enforcement officer promises or agrees to take some specific action at the individual's request," Ochran cannot satisfy the duty element of her negligence claim. Brown v. City of Delray Beach, 652 So.2d 1150, 1153 (Fla. Dist. Ct. App. 1995) (per curiam).[3] In the absence of facts which support liability under Florida law, Ochran's claim fails for lack of subject matter jurisdiction.[4]

### III. CONCLUSION

Like the district court, we conclude that Ochran's case against the Government fails. Although different grounds support our decision, we may

---

[3] Speaking only for myself, this case presents the sad situation where the Government, acting through the AUSA, failed to accurately apprehend the grave danger posed to a citizen who elected to do her civic duty (i.e., the right thing). Ironically, because of that failure on the part of the Government to do the right thing, the victim is left with no remedy. One is reminded of the cynical (but often accurate) observation of Machiavelli in The Prince: "Only those defences are good, certain and durable, which depend on yourself alone and your own ability."

[4] Thus disposing of the case, we do not make a determination about the applicability of the misrepresentation exception of the FTCA.

6

affirm the district court as long as "the judgment entered is correct on any legal ground regardless of the grounds addressed, adopted or rejected by the district court." Bonanni Ship Supply, Inc. v. United States, 959 F.2d 1558, 1561 (11th Cir. 1992). Because Ochran cannot satisfy the duty element of her negligence claim against Daltuva, we **AFFIRM** the district court's grant of summary judgment for the Government.