[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12413
Non-Argument Calendar

_____

D. C. Docket No. 96-00212-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE LUIS BENITEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 30, 2006)**

Before BIRCH, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Jorge Luis Benitez, a federal prisoner proceeding pro se, serving a 360-

month sentence for conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1), and conspiracy to import cocaine, in violation of 21 U.S.C. § 963 (Count 2), appeals the denial of his motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). We AFFIRM the district court in part and REMAND for the correction of a clerical error.

## I. BACKGROUND

On 11 March 1996, a federal grand jury returned an indictment charging Benitez and several co-defendants with conspiracy to possess with the intent to distribute cocaine, in violation of 21 U.S.C. § 846 (Count 1); conspiracy to import cocaine, in violation of 21 U.S.C. §§ 952(a), 963 (Count 2); possession with the intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 3); and importation of cocaine, in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2 (Count 4). Benitez went to trial and the jury found him guilty on Counts 1 and 2. Benitez filed a motion for judgment of acquittal and for a new trial arguing that: (1) the conspiracy had ended more than five years before he was indicted and was thus barred by the statute of limitations; (2) all of the testifying coconspirators were housed together during trial and must have discussed their testimony; and (3) he was denied effective assistance of counsel because his lawyer

2

was too old to represent him effectively. Benitez further argued that he should have been acquitted because the boat used for the drug transportation conspiracy was actually owned by another individual. In response to the motion, the government noted that Benitez's arguments could not support a new trial based upon newly discovered evidence since they could have been asserted at trial. Further, the government argued that Benitez's assertions merely amounted to further impeachment evidence, and, therefore, were insufficient to serve as a basis to empanel a new jury. On 22 January 1997, the court denied Benitez's motions. The judgment and commitment ("J & C") order erroneously shows that Benitez pled guilty to Counts 1 and 2.

Benitez appealed his conviction and sentence. On 26 October 1999, we affirmed Benitez's conviction and sentence. On 1 December 1999, Benitez filed a second motion for new trial based upon newly discovered evidence, again arguing that the testifying coconspirators had fabricated their testimony in order to receive sentencing reductions. The government responded that the claimed evidence was not newly discovered and was merely cumulative impeachment of the witnesses' testimony. On 7 May 2001, the district court found that Benitez's claimed newly discovered evidence only amounted to additional attempts to impeach the witnesses who testified against him, and it thereby denied the motion. Later that

month, Benitez's motion for reconsideration of the district court's order was denied as well. On 22 May 2001, Benitez appealed the order denying his second motion for a new trial. On 8 November 2001, we affirmed the district court's decision.

Meanwhile, on 24 October 2000, Benitez had filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Benitez alleged that: (1) his sentence violated the rule in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), because the indictment did not allege drug quantity; (2) the government engaged in prosecutorial misconduct by fabricating evidence and suborning perjury, allowing inmates to be housed together, and failing to disclose that a grand jury witness had been charged with perjury; and (3) defense counsel was ineffective for various reasons. On 6 September 2001, the district court denied Benitez's § 2255 motion. On 25 February 2002, Benitez filed a notice of appeal and a motion for a certificate of appealability ("COA"). The district court denied Benitez's request. Benitez appealed, but, in July 2002, we dismissed his untimely appeal for lack of jurisdiction.

On 16 October 2002, Benitez filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) which asked that the district court to vacate and reenter its 6 September 2001 order denying his habeas corpus

4

petition. On 3 June 2004, the district court denied Benitez's request for relief. On 16 July 2004, Benitez filed a notice appealing the district court's denial of his Rule 60(b) motion, and a motion for a COA, which the district court denied. We dismissed Benitez's appeal on 11 August 2004 and denied his request for a COA on 3 November 2004.

On 4 March 2005, Benitez filed the instant motion "for relief of judgment pursuant to Rule 60(a)(b)(3)(4)(6)." R3-615 at 1. Benitez asked the district court to correct or clarify the J & C because evidence at trial had established that the conspiracies ended on dates other than those listed in the J & C. Benitez also argued that the J & C in his case was void because it indicated that he pled guilty to Counts 1 and 2, as opposed to having been found guilty by the jury on these counts. On 29 March 2005, the district court denied Benitez's motion. Benitez then filed a motion requesting that the district court reconsider its order denying his Rule 60(b) motion. The district court denied Benitez's request, noting that he had not alleged an intervening change in the controlling law, new evidence available for the court to consider, or a need to correct clear error made by the court. Benitez filed a notice of appeal ("NOA"), but there is no indication in the record that the district court treated Benitez's NOA as a request for a COA. Benitez neither requested nor received a COA from the district court or us.

5

## II. DISCUSSION

In his Rule 60 motion and on this appeal, Benitez claims that the district court erroneously indicated in the judgment and commitment ("J & C") order that he pled guilty to Counts 1 and 2. Benitez contends that a jury found him guilty on those counts. He further argues that the evidence at his trial revealed that the conspiracies ended on dates other than those listed in the J & C. Benitez asks us to remand his case to the district court so it may enter a new J & C. The government responds that Benitez's appeal should be dismissed because he failed to obtain a COA, which is a prerequisite to an appeal from the denial of a Rule 60(b) motion for relief from a judgment. Benitez replies that no COA is needed in order to review the denial of his Rule 60(b) motion because he is not seeking to re-open a judgment denying his 28 U.S.C. § 2255 motion.

"We typically review a district court's denial of a Rule 60(b) motion for an abuse of discretion." Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003). However, "we review de novo questions concerning the jurisdiction of the district court." United States v. Oliver, 148 F.3d 1274, 1275 (11th Cir. 1998) (per curiam).

Pursuant to Rule 60(b), the district court may relieve a party from a final judgment, order, or proceeding based on newly discovered evidence. See Fed. R.

6

Civ. P. 60(b)(2). "We have concluded, nevertheless, that the [Antiterrorism and Effective Death Penalty Act's ("AEDPA")] successive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief." Farris, 333 F.3d at 1216 (citing In re Medina, 109 F.3d 1556, 1561 (11th Cir. 1997); Felker v. Turpin, 101 F.3d 657, 661 (11th Cir.1996) (Rule 60(b) is not to be used to circumvent restraints on successive-habeas petitions)). The AEDPA provides that, to file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it. See 28 U.S.C. § 2244(b)(3)(A). Without authorization, the district court lacks jurisdiction to consider a second or successive motion. See Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997) (per curiam).

We may affirm a district court's decision on grounds the district court did not address. See Ochran v. United States, 273 F.3d 1315, 1318 (11th Cir. 2001). Furthermore, under Federal Rule of Criminal Procedure 36, "the court may at any time correct a clerical error in a judgment, order, or other part of the record or correct an error in the record arising from oversight or omission."

Contrary to the government's assertion, Benitez does not need to obtain a COA because he is not seeking relief from the § 2255 judgment, but from the

7

underlying criminal judgment.[1]  In his Rule 60(b) motion and on appeal, Benitez suggests that the evidence at trial regarding the dates of conspiracy was inconsistent with the dates indicated in the J & C.  Benitez did not raise this claim in his original § 2255 motion.  Thus, Benitez's argument is a successive collateral attack on the sufficiency of the evidence to support his criminal conviction, and not an attack on the district court's denial of his original § 2255 motion.  Accordingly, the district court should have construed Benitez's motion as a motion for relief under § 2255.  However, since Benitez had previously filed a § 2255 motion, he had to obtain our authorization to file a second or successive § 2255 motion.  See 28 U.S.C. §§ 2244(b)(3)(A), 2255.  Because there was no evidence in the record that he had obtained our authorization, the district court had no jurisdiction to consider Benitez's Rule 60(b) motion, which, in fact, was a second or successive § 2255 motion.

## III.  CONCLUSION

Even though the district court denied Benitez's motion rather than dismissing it for lack of jurisdiction, we nevertheless affirm the district court's

---

[1] In contrast, had Benitez's motion challenged the district court's judgment denying his first § 2255 motion, he would need a COA.  See Gonzalez v. Sec'y for Dep't of Corrs., 366 F.3d 1253, 1263 (11th Cir. 2004), affirmed on other grounds, __ U.S. __, 125 S. Ct. 2641, 2651 (2005).

ruling. Further, we direct the district court to correct a clerical error in the J & C. As Benitez correctly points out, the J & C is incorrect to the extent that it indicates that he pled guilty to, as opposed to being found guilty of, Counts 1 and 2.

**AFFIRMED IN PART AND REMANDED FOR CORRECTION OF A CLERICAL ERROR.**