[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 28, 2006
THOMAS K. KAHN
CLERK

No. 05-16607
Non-Argument Calendar
_____

D. C. Docket Nos. 04-00122-CV-OC-10-GRJ
04-00134-CV-OC

JOHN T. LAMBERT,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
LISA SUNDERMAN, Regional Counsel,
The Federal Bureau of Prisons,
individually and in her official capacity,
GARY CIMOCK, CARMEN SMALL,
M. CINTRON, M. SHAMIN, JAIME CACHO,
JANE DOES, individually and
in their official capacity,
JOHN I-X DOES, individually and
in their official capacity,

Defendants-Appellees,

CHARLES SANSUM,
B. NGUYEN,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(August 28, 2006)**

Before DUBINA, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

I.

John Lambert, a federal prisoner proceeding pro se, filed two complaints

against the United States, the Federal Bureau of Prisons ("BOP"), and federal

employees based on the same set of facts, and these complaints were consolidated

upon Lambert's motion. Lambert's first complaint alleged violations of the

Federal Tort Claims Act ("FTCA") against, inter alia, the United States and the

BOP. Lambert's second complaint alleged constitutional violations under *Bivens*[1]

against Federal Correctional Institute – Coleman ("Coleman") employees Gary

Cimock, Carmen Small, M. Citron, M. Shamim, and Mr. Cacho.

The complaints alleged the following facts: Lambert was incarcerated in

Coleman beginning in 1998 with a classification of medium security. Pursuant to

BOP policies, Lambert was supposed to receive a mandatory classification review

[1]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

2

in August 2001. Prison officials failed to conduct the review, however, and as a result, Lambert remained in medium security, where he was assaulted (for a second time) in September 2001. The attack resulted in injuries to his nose, lip, and eye. Thereafter, he was treated at an outside facility and later released to Coleman, where he was placed in solitary confinement and denied follow-up medical care with a specialist as prescribed by the treating physicians. The denial led to further eye injuries. Lambert alleged that he would have been transferred to a low or minimum security facility and thus would have avoided the September 2001 assault if the prison officials had conducted the required review.

As part of the FTCA claim, Lambert submitted copies of the claim for injury he filed with the BOP and the BOP's responses. In these documents, Lambert alleged violations for the failure to conduct the classification review and to provide medical treatment. The BOP had determined that there was not an FTCA violation.

The defendants moved to dismiss, or in the alternative, for summary judgment. As for the FTCA claims, the defendants argued that this court had foreclosed a claim for negligent classification under the FTCA because classification was a discretionary function. Addressing the claim for medical negligence, the defendants asserted that the claim failed because Lambert did not

3

submit expert testimony or show causation as required by Florida law. The defendants contended that Lambert could not pursue the *Bivens* claims because he failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, but that in any event, there was no liberty interest in classification or confinement at a specific institution. Addressing the medical claim, the defendants asserted that Lambert lacked any evidence that the eye infection was related to the assault. Moreover, the defendants argued, they did not act with deliberate indifference to medical care because they were not grossly negligent and the dispute between Lambert and the defendants amounted to a difference in opinion.

Lambert challenged the defendants' factual assertions and argued that the discretionary function exception did not bar his FTCA claim. He further disputed that he had to provide testimony from a medical expert to support his claim for medical negligence. Addressing the *Bivens* claims, Lambert argued that he exhausted his administrative remedies by filing the FTCA forms with the BOP because the two claims were based on the same facts and the cases had been consolidated. He asserted that it would have been redundant and inefficient to require him to raise the same claims in the administrative grievance process. Finally, he argued that his deliberate indifference claim involved more than a

4

disagreement with medical staff as the medical staff ignored orders that he be seen by a specialist. Attached to the response were copies of administrative grievances and responses related to Lambert's classification claim.

Lambert then filed his own motion for summary judgment and submitted his affidavit, in which he reiterated his allegations. In response, the defendants adopted their earlier arguments.

The district court granted the defendants' motion to dismiss and for summary judgment. First, with regard to the FTCA claims, the court found that it lacked subject matter jurisdiction over the negligent classification claim, as that claim was foreclosed by *Cohen v. United States*, 151 F.3d 1338 (11th Cir. 1998). The court further found that the medical negligence claim failed because Lambert had not submitted any medical testimony or expert testimony to support his claims and there was no evidence of causation. Addressing the constitutional claims brought pursuant to *Bivens*, the court found that Lambert had not exhausted his administrative remedies, and the exhaustion procedures under the FTCA and the PLRA were separate and distinct. The court noted that Lambert would now be procedurally barred from exhausting his remedies as the time to file a grievance had run. Accordingly, the court dismissed the complaint.

II.

5

This court reviews de novo a district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Behrens v. Regier*, 422 F.3d 1255, 1259 (11th Cir. 2005). "When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Thaeter v. Palm Beach County Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006) (internal quotation marks and citation omitted). A complaint may not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation marks and citation omitted). Unsupported conclusions of law or of mixed law and fact are not sufficient to withstand a dismissal under Rule 12(b)(6). *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1036 n.16 (11th Cir. 2001) (en banc).

"We review the district court's grant of summary judgment de novo, applying the same legal standards that bound the district court, and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party." *Cruz v. Publix Super Mkts., Inc.*, 428 F.3d 1379, 1382 (11th Cir. 2005) (internal quotation marks and citation omitted). Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

III.

A.     FTCA claims

"The FTCA was designed to provide redress for ordinary torts recognized by state law." *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) (internal quotation marks and citation omitted). In analyzing an FTCA claim, this court applies the law of the state where the alleged tort occurred. *Stone v. United States*, 373 F.3d 1129, 1130 (11th Cir. 2004). "To state a claim for negligence under Florida law, a plaintiff must allege that the defendant owed the plaintiff a duty of care, that the defendant breached that duty, and that the breach caused the plaintiff to suffer damages." *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1262 (11th Cir. 2001).

1.     Negligent Classification

Lambert first argues that the district court erred when it determined that his FTCA classification claim was barred by the discretionary function exception because the BOP had an obligation to conduct his custody classification review in August 2001 and it failed to do so. The FTCA "waives the United States government's sovereign immunity from suit in federal courts for the negligent actions of its employees." *Cohen*, 151 F.3d at 1340. There is an exception, however, for actions taken as part of the officer's discretionary functions. The

7

discretionary function exception precludes government liability for "[a]ny claim based upon . . . the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

Whether the United States is entitled to application of the discretionary function exception to the FTCA is a question of law subject to de novo review. *Cohen*, 151 F.3d at 1340. If the discretionary function exception applies, the FTCA claim must be dismissed for lack of subject matter jurisdiction. *Id.*

In *Cohen*, this court rejected a claim almost identical to the one Lambert makes, holding that even if the BOP has a duty of care to safeguard prisoners, it "retains sufficient discretion in the means it may use to fulfill that duty to trigger the discretionary function exception." *Id.* at 1341, 1344. Additionally, this court noted that, under statute, the BOP had discretion in the manner in which it classified prisoners. *Id.* at 1343.

Moreover, although this court recognized that the BOP's failure to follow its own procedures renders the discretionary function exception inapplicable, *id.* at 1344-45, in this case Lambert offers nothing more than his own statements to show that the defendants failed to conduct a review of his custody classification or even

8

that such a review was required at that time. The district court, therefore, correctly determined that the discretionary function exception applied and that it lacked subject matter jurisdiction over Lambert's classification claim.

2.      Medical Negligence

Lambert argues that the district court erred in determining that he had to present expert medical testimony prior to trial in response to the government's motion. In Florida, in order to prove medical malpractice, "the claimant shall have the burden of proving by the greater weight of the evidence that the alleged actions of the health care provider represented a breach of the prevailing professional standard of care for that health care provider." Fla. Stat. Ann. § 766.102(1). Generally, the standard of care in medical malpractice cases is determined through expert testimony. *Pate v. Threlkel*, 661 So. 2d 278, 281 (Fla. 1995); *Torres v. Sullivan*, 903 So. 2d 1064, 1068 (Fla. Dist. Ct. App. 2005). Therefore, Lambert could not rely on his own conclusory allegations to survive summary judgment, and it is undisputed that he did not submit any medical evidence to support his claim. Accordingly, the district court properly dismissed this claim.

B.      *Bivens* Claims

Finally, Lambert argues that the district court erred when it determined that he did not properly exhaust his *Bivens* claims. This court reviews de novo a

9

district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement. *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 2978 (2006).

Under § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong," and mandates strict exhaustion, "irrespective of the forms of relief sought and offered through administrative avenues." *Johnson*, 418 F.3d at 1155 (internal quotation marks and citations omitted); *see also Alexander v. Hawk*, 159 F.3d 1321, 1325-28 (11th Cir. 1998) (holding that prisoner asserting *Bivens* claim must exhaust available administrative remedies, even when those remedies are futile or inadequate). Moreover, exhaustion means proper exhaustion, i.e., under the terms of and according to the time set by BOP regulations. *See Woodford v. Ngo*, 126 S. Ct. 2378, 2387-88 (2006).

Although Lambert contends that his notification under the FTCA was sufficient to exhaust his *Bivens* claims, there are separate procedures for exhausting

10

tort claims and claims involving the conditions of confinement. *Compare* 28 C.F.R. § 542.10 *et seq.*, *with* 28 C.F.R. § 543.30 *et seq.* Lambert concedes that he failed to file any grievances on his constitutional claims, and exhaustion under the PLRA required Lambert to file grievances through the BOP's administrative remedies procedure. *Cf. Alexander*, 159 F.3d at 1325 (explaining that the congressional mandate of exhaustion in the PLRA divested the courts of discretion to waive the exhaustion requirement). Therefore, because Lambert failed to exhaust under the PLRA, the district court properly dismissed Lambert's *Bivens* claims.

Accordingly, we AFFIRM the district court's dismissal of this action. AFFIRMED.