[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 20, 2007
THOMAS K. KAHN
CLERK

No. 06-16694
Non-Argument Calendar
_____

D. C. Docket No. 00-00108-CR-3-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(August 20, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Juan Morales, a pro se federal prisoner who pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine and 100 kilograms or more of marijuana and two related counts of money

laundering, and who currently is serving a 240-month sentence, appeals the district court's denial of his post-judgment motion to compel the government to comply with the terms and conditions of his written plea agreement. On appeal, Morales argues that the government breached the plea agreement by failing to file a substantial-assistance motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Morales also asserts that the district court erred by failing to conduct an evidentiary hearing on the matter. After careful review, we affirm.[1]

It is well-settled that we must first resolve jurisdictional issues before we address the merits of underlying claims. See United States v. Cartwright, 413 F.3d 1295, 1299 (11th Cir. 2005); United States v. Kapelushnik, 306 F.3d 1090, 1093 (11th Cir. 2002). Accordingly, we first consider the government's argument that this Court lacks jurisdiction over the appeal because Morales's notice of appeal ("NOA") was untimely.

The dates and filings relevant to our jurisdictional analysis are as follows. The district court denied Morales's motion to compel on October 30, 2006. Morales filed a timely motion for reconsideration on November 14, 2006.[2] The

---

[1]Appellant's motion to remand to the district court for a determination of excusable neglect is DENIED as unnecessary because the notice of appeal is timely. See Fed. R. App. P. 4(b)(1)(A)(i), (b)(3), (c)(1) and 26(a)(2).

[2] Veterans' Day, a legal holiday, was observed on November 10, 2006, and, thus, was excluded from the 10 business days in which Morales had to file his motion. See Fed.R.App.P.

2

district court denied reconsideration on December 5, 2006, after which Morales filed his NOA, on December 18, 2006.

The timely filing of a motion for reconsideration in a criminal action tolls an appellant's time to file his NOA. United States v. Vicaria, 963 F.2d 1412, 1413 (11th Cir. 1992) (citations omitted); see also Fed. R. App. P. 4(b)(3). A motion for reconsideration is considered timely if filed within the period allotted for filing a NOA, which, in a criminal case, is 10 business days from the order or judgment appealed. See Fed. R. App. P. 4(b)(1)(A)(i); Vicaria, 963 F.2d at 1413-14. A NOA filed by a pro se prisoner is deemed filed on the date he delivers it to prison authorities or places it in the prison mail system. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988). Absent contrary evidence, we will assume that a prisoner's filing was "delivered to prison authorities the day he signed it." Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

Here, the record indicates that, following the district court's denial of his motion to compel on October 30, 2006, Morales filed a timely motion for reconsideration on November 14, 2006, thus tolling the time to file his NOA. See Fed. R. App. P. 4(c) and 26(a)(2); Vicaria, 963 F.2d at 1413-14. Following the denial of his motion for reconsideration on December 5, 2006, Morales timely filed

---

26(a)(2).

a NOA within 10 business days on December 18, 2006. See Fed. R. App. P. 4(c) and 26(a)(2); United States v. Rothseiden, 680 F.2d 96, 97 (11th Cir. 1982) (indicating that the time period for filing a NOA begins to run anew following the disposition of the motion). Accordingly, we have jurisdiction over Morales's appeal.

We now turn to the scope of the district court's jurisdiction, which is also at issue in the instant appeal. We will examine a district court's jurisdiction over an action even when the district court does not address those jurisdictional issues. See United States v. Alabama, 791 F.2d 1450, 1454 (11th Cir. 1986); Edge v. Sumter County Sch. Dist., 775 F.2d 1509, 1513 (11th Cir. 1985). We review questions of subject matter jurisdiction de novo. United States v. Giraldo-Prado, 150 F.3d 1328, 1329 (11th Cir. 1998).

Rule 35(b)(2) provides that, after a sentence has been imposed, upon motion of the government made more than one year after sentencing, a district court may reduce a defendant's sentence based on that defendant's substantial assistance. Fed. R. Crim. P. 35(b)(2). We have held that the government has "'a power, not a duty, to file a motion when a defendant has substantially assisted.'" United States v. Forney, 9 F.3d 1492, 1500 (11th Cir. 1998) (quoting Wade v. United States, 504 U.S. 181, 185 (1992)). If the defendant alleges and makes a threshold showing

4

that the government's refusal to file a substantial-assistance motion was a breach of a plea agreement, an evidentiary hearing and relief may be appropriate. United States v. Gonsalves, 121 F.3d 1416, 1419-20 (11th Cir. 1997). However, where a plea agreement states only that the government will file a Rule 35 motion if, in its "sole" discretion, the defendant's cooperation qualifies as substantial assistance, the government does not breach the agreement by failing to file such a motion, and the district court has no jurisdiction to review the claim of breach. See Forney, 9 F.3d at 1500-02 & n.2.

The Supreme Court has held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive," like "race or religion," or was not "rationally related to any legitimate [g]overnment end." Wade, 504 U.S. at 185-86. A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of improper motive is not entitled to a remedy or even to discovery or an evidentiary hearing. Id. at 186. Thus, judicial review generally is appropriate only when "there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." Forney, 9 F.3d at 1502.

5

Here, the record contains no suggestion that the government's failure to file a substantial-assistance motion was based on a constitutionally impermissible motivation. Accordingly, the district court lacked jurisdiction to entertain the motion. The plea agreement stated that the government would make a Rule 35 motion if, in its sole discretion, it determined that Morales's cooperation rose to the level of substantial assistance. Further, Morales neither alleged nor made a substantial showing that the government's refusal to file a substantial-assistance motion, either before or after sentencing, was based on suspect reasons, such as his race or religion, or that its refusal was not related to a legitimate government end. Instead, he merely claimed that he provided substantial assistance and generally alleged that the government breached its plea agreement with him by not filing a substantial assistance motion, which by itself does not entitle him to relief. Wade, 504 U.S. at 186. The district court lacked jurisdiction over, and should have dismissed, Morales's motion.[3] We therefore affirm the judgment of the district court on the ground that it lacked subject matter jurisdiction to consider the

---

[3]As to Morales's claim that the government breached an oral agreement to file a Rule 35 motion, Morales failed to raise this issue in either of his motions before the district court. In the context of a post-judgment motion, we will not consider issues and arguments raised for the first time on appeal. See Johnson v. United States, 340 F.3d 1219, 1228 n.8 (11th Cir. 2003) (declining to address claims raised for the first time on appeal of 28 U.S.C. § 2255 motion to vacate), aff'd, 544 U.S. 295 (2005). Moreover, in light of the district court's lack of subject matter jurisdiction, Morales's remaining claims are moot and we decline to address them.

motion.  Cf. Ochran v. United States, 273 F.3d 1315, 1318 (11th Cir. 2001) (holding that this Court may affirm a district court's decision on grounds the district court did not address).

**AFFIRMED.**