[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12665
Non-Argument Calendar

_____

D. C. Docket No. 07-00663-CV-T-26-MAP

RAY B. POMPEY,

Plaintiff-Appellant,

versus

MICHAEL CHRISTOPHER COAD,
KEARY HUNDT,
RICHARD ZAYAS,
MARIAH B. PIPER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 27, 2008)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Ray B. Pompey, proceeding pro se, appeals the district court's dismissal of his complaint, pursuant to 28 U.S.C. § 1915A, for failure to state a claim. In his complaint, Pompey alleged that the defendants violated his civil rights while he was cooperating with authorities. The district court concluded that Pompey's claims against three defendants (Keary Hundt, Richard Zayas and Mariah Piper) were barred by res judicata, while his claims against defendant Michael Coad failed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674, based on a failure to exhaust administrative remedies before filing suit. On appeal, Pompey challenges these determinations. After through review of the record and careful consideration of Pompey's claims, we affirm.

We review dismissals pursuant to 28 U.S.C. § 1915A de novo, taking the allegations in the complaint as true. Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), cert. denied, 127 S. Ct. 1908 (2007). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915A(b)(1). Jones v. Bock, __ U.S. __, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007); see also Leal v. Georgea Dep't. of Corr., 254 F.3d 1276, 1278-1279 (11th Cir. 2001) (finding that the language in § 1915A(b)(1) "mirrors" the language in dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) which "tracks" the language in Fed. R. Civ. P. 12(b)(6)). "A complaint is subject to dismissal for failure to state a claim if the

2

allegations, taken as true, show the plaintiff is not entitled to relief. <u>Jones</u>, 127 S.Ct. at 920.

The relevant facts are these. On April 17, 2007, Pompey filed this action alleging that, on April 28, 2005, he was assisting law enforcement officers with an unsuccessful controlled drug buy, during which $1,100 in cash was lost. According to Pompey, after the failed drug buy, he returned to his motel room where four special agents from the Bureau of Alcohol Tobacco and Firearms ("ATF") -- defendants Hundt, Zayas and Coad -- and defendant Mariah Piper, an officer with the St. Petersburg Police Department visited him the following day. Pompey alleged that the defendants entered his hotel room without his consent and without a warrant and began searching the room, instructing Pompey to be quiet. When Pompey began to speak, Special Agent Coad threatened Pompey with violence, at which point the other officers did nothing. During the search, Special Agents Hundt and Coad found a closed cigar box underneath the bed. The box contained two bags of marijuana. According to Pompey's complaint, at that point, Special Agent Hundt began interrogating him, and, when Pompey answered one of Hundt's questions, Special Agent Coad punched him in the chest. Pompey subsequently was arrested, but before being booked was taken to Edward White

Hospital, where he was treated. Pompey sought damages in the amount of $100,000.

After the filing of his complaint, Pompey sought leave to proceed in forma pauperis ("IFP"). In support of his application, he attached a number of documents, including two letters to the ATF in which he responded to requests for medical records substantiating his claims. According to the letters, the ATF's request for medical records was dated February 10, 2007. Pompey responded to the request in a letter dated April 7, 2007, in which he stated that he would no longer seek relief in the ATF's office, but would file a civil complaint.

Pompey also attached to his IFP application two pages from a court order in an earlier case he had filed against the same defendants, in the United States District Court for the Middle District of Florida, Pompey v. Coad, No. 8:06-cv-01542-EAK-EAJ ("Pompey I"). In August 2006, the Pompey I case, which was before the same district judge as the instant one, had been dismissed with prejudice, based on res judicata, as to the claims against defendants Hundt, Zayas and Piper and dismissed without prejudice, for failure to exhaust administrative remedies under the FTCA, as to the claim against Coad.

In the instant suit, Pompey also filled out a Form 95 for his damages claim under the FTCA, but did not sign or date the document seeking $100,000 in damages.

Prior to service of process, the district court reviewed the present complaint sua sponte, under 28 U.S.C. § 1915A. The district court noted, with respect to defendants Hundt, Zayas, and Piper, that Pompey had previously sued them in an earlier action (Pompey I) for violations allegedly arising out of the same incident. The district court observed that it had dismissed with prejudice Pompey's claims against those defendants, and that Pompey did not appeal the dismissal. The court concluded that the dismissal with prejudice was binding on Pompey, meaning that he was precluded from bringing the same claims in the present proceeding. Accordingly, the district court dismissed the present complaint as to Hundt, Zayas, and Piper.

With respect to defendant Coad, the district court noted that Pompey previously sued him for a violation of the FTCA, and that the Pompey I dismissal was without prejudice for failure to exhaust remedies. Based on Pompey's failure to allege, in the present complaint, that he had exhausted administrative remedies under the FTCA, the district court again dismissed the complaint as to Coad. This appeal followed.

5

Res judicata bars a future action if four elements are met: (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action. In re Omine, 485 F.3d 1305, 1311-1312 (11th Cir. 2007). The district court did not err by dismissing Pompey's claims against Hundt, Zayas and Piper because they were barred by res judicata. Pompey admitted to filing an earlier action against the same individuals in his complaint, and he attached a portion of an order from that case to his IFP application. It is undisputed that Pompey failed to appeal the district court's dismissal with prejudice of the claims against Hundt, Zayas and Piper. On this record, each of the elements set forth above were satisfied. Accordingly, there was no claim against the three defendants in which Pompey was entitled to relief, and dismissal under § 1915A was appropriate.

As for Pompey's suit against Coad, the FTCA allows claims against the government where the United States would be liable in accordance with the law of the place where the act occurred. See 28 U.S.C. § 1346(b)(1). The FTCA was designed to provide redress for ordinary torts recognized by state law. Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001). A claimant under the FTCA, however, must meet certain exhaustion requirements before a federal court may

6

exercise jurisdiction over a suit under the FTCA, including presentation of a claim to the appropriate federal agency and denial of the claim by the agency. See 28 U.S.C. § 2675(a); Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994). The failure of the agency to make a final disposition within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim. See 28 U.S.C. § 2675(a). Because Pompey did not allege facts sufficient to show that he exhausted administrative remedies -- a jurisdictional prerequisite to his suit under the FTCA -- the district court properly dismissed his complaint.

**AFFIRMED.**