[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15004
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:09-cv-01032-HLA-MCR

JAMES A. NELSON,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 13, 2012)

Before BARKETT, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

James A. Nelson appeals *pro se* the district court's dismissal of his claim

against the United States brought under the Federal Tort Claims Act ("FTCA"), 28

U.S.C. § 1346(b). Nelson alleged medical malpractice in connection with a surgical procedure that he had undergone at the St. Louis Veterans Association Medical Center ("VAMC") in Missouri. The district court granted the government's motion to dismiss based on Nelson's failure to identify an expert witness and failure to provide an affidavit in support of his claims, both of which were required by applicable Missouri law. The court also found that any claims of assault and battery that Nelson may have asserted were outside the ambit of the FTCA, and therefore the court lacked jurisdiction over those claims. On appeal, Nelson argues that Missouri law should not have been applied to his claim.

We review *de novo* the dismissal of an action for lack of subject matter jurisdiction, as well as the district court's interpretation and application of statutory provisions. *Ochran v. United States*, 117 F.3d 495, 499 (11th Cir. 1997). The FTCA provides a limited waiver of the sovereign immunity of the United States for tort claims. *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006). It authorizes "private tort actions against the United States 'under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *United States v. Olson*, 546 U.S. 43, 44 (2005) (quoting 28 U.S.C. § 1346(b)(1)). The "law of the place" does not mean federal law; the FTCA "was

not intended as a mechanism for enforcing federal statutory duties." *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001). Rather, the FTCA "was designed to provide redress for ordinary torts recognized by state law." *Id.* (quotation omitted). Therefore, "unless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim." *Id.*

Nelson's medical malpractice claims arose in Missouri, where VAMC is located. A *prima facie* case of medical malpractice in Missouri "consists of three general elements: (1) an act or omission of the defendant failed to meet the requisite medical standard of care; (2) the act or omission was performed negligently; and (3) the act or omission caused the plaintiff's injury." *Edgerton v. Morrison*, 280 S.W.3d 62, 68 (Mo. 2009) (*en banc*). Except in limited circumstances not present here, "allegations of negligence in a medical malpractice action are such that expert testimony is required to prove the acceptable standard of professional care; and without expert opinion, the issue of breach of that standard of care cannot be made." *Morrison v. St. Luke's Health Corp.* 929 S.W.2d 898, 905 (Mo. Ct. App. 1996).

Nelson never disclosed a medical expert. Therefore, Nelson did not support his medical malpractice claim with evidence of the applicable medical standard of care, and his claim was due to be dismissed on this basis. Additionally, Nelson had

until April 16, 2010 with the Court's permission to file an affidavit of a healthcare provider to support his claim, as required by Mo. Ann. Stat. § 538.225. Nelson never provided the required affidavit; thus, dismissal without prejudice was permissible on this basis as well. *See* Mo. Ann. Stat. § 538.225(6). Finally, to the extent that Nelson's complaint may be read to characterize the surgical procedure as actionable assault and battery, such a claim would not be cognizable under the FTCA. *See* 28 U.S.C. § 2680(h).

**AFFIRMED.**