[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11600
_____

D.C. Docket No. 1:11-cv-00974-TCB


JOSEPH LOWERY,
BRENDA PACE,
LEOLA GORDON,
LISA BARNES,
SHEILA GARVIN,
PORTIA CODJOE,
JOYCE CARLISLE,
GEORGIA LEGISLATIVE BLACK CAUCUS, INC.,

Plaintiffs - Appellants,

versus

GOVERNOR OF GEORGIA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(February 4, 2013)

Before BARKETT and JORDAN, and RIPPLE,[*] Circuit Judges.

PER CURIAM:

This appeal arises out of the creation of several municipalities[1] from 2005 to 2008 in Fulton and DeKalb counties.

The Georgia Legislative Black Caucus, along with seven individual black voters registered in Fulton and DeKalb counties, filed suit against Nathan Deal in his official capacity as the Governor of Georgia alleging that the creation of the municipalities diluted their voting rights in violation of the Voting Rights Act of 1965 ("VRA"), as amended, 42 U.S.C. § 1973(a), the Fourteenth Amendment's Equal Protection Clause, and the Fifteenth Amendment. [2] In response, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Governor filed a motion to dismiss the complaint arguing that plaintiffs failed to state a claim upon which relief could be granted. [3] The district court granted the motion to dismiss, finding that plaintiffs failed to state a claim for vote dilution under the

---

[*] Honorable Kenneth F. Ripple, United States Circuit Judge for Seventh Circuit, sitting by designation.

[1] The municipalities at issue and their years of incorporation are the City of Sandy Springs (2005), the City of Milton (2006), the City of Johns Creek (2006), the City of Chattahoochee Hills (2007), and the City of Dunwoody (2008).

[2] They requested (1) a declaration deeming the municipal charters null and void and (2) an injunction prohibiting further implementation of the municipalities and any legislation that would dilute their voting rights.

[3] The motion to dismiss also argued that the Governor was not the proper defendant and that Appellants' claims were barred by the equitable defense of laches. The district court did not reach these arguments.

2

VRA, the Fourteenth Amendment's Equal Protection Clause, or the Fifteenth Amendment.

We affirm the dismissal, but on different grounds than the district court.  See Ochran v. United States, 273 F.3d 1315, 1318 (11th Cir. 2001).  We dismiss because, after additional briefing, we conclude that the Governor of Georgia has no power to provide any of the relief requested in this case.  Therefore, the Governor is not the proper party defendant.  We express no opinion on the district court's basis for the dismissal or regarding any other issue raised in this case.

**AFFIRMED.**