[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16010
Non-Argument Calendar
_____

D.C. Docket No. 0:11-cv-62193-WPD


LAZARO E. CRUZ,

Plaintiff - Appellant,

versus

UNITED STATES OF AMERICA,
in its official capacity,
BROWARD COUNTY SHERIFF'S OFFICE,
in its official capacity,
CITY OF TAMARAC,
in its official capacity,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 24, 2013)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Lazaro E. Cruz appeals the district court's dismissal of his complaint alleging, *inter alia*, a violation of the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2674.  He argues that the district court incorrectly dismissed the United States as a defendant, with prejudice, because he filed an administrative claim for his injury—being shot by authorities in connection with his arrest for criminal activity—within two years of the accrual of his claim.[1]

We review de novo an order dismissing a claim for lack of subject-matter jurisdiction.  *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001).  The United States is immune from suit unless it consents to be sued, and the terms of its consent define a court's jurisdiction to entertain suits against it.  *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011).  The FTCA is a congressionally created exception to the United States' sovereign immunity.  *Turner ex rel. Turner v. United States*, 514 F.3d 1194, 1200 (11th Cir. 2008).  "A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency."  *Suarez v.*

---

[1] Cruz filed a motion for leave to file an amended brief.  Because it does not alter the outcome of this appeal, the motion is granted.  In this opinion, we therefore consider the arguments raised in Cruz's amended brief.

Nowhere in either brief does Cruz challenge the district court's dismissal of his claims against the Broward County Sheriff's Office and the City of Tamarac, so we deem those claims abandoned.  *See Holland v. Gee*, 677 F.3d 1047, 1066 (11th Cir. 2012).

*United States*, 22 F.3d 1064, 1065 (11th Cir. 1994) (per curiam) (citing 28 U.S.C. § 2675(a)).  The administrative claim must be filed within two years from the time the claim accrues.  *Dalrymple v. United States*, 460 F.3d 1318, 1324 (11th Cir. 2006).  If a claimant fails to timely file an administrative claim pursuant to the FTCA, his claim is forever barred.  *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002).

A claim under the FTCA generally accrues at the time of injury.  *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999).  Cruz admits that he was shot on October 7, 2008, and that he did not present an administrative claim to the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) until November 2010.  Because the two-year window on the filing of an administrative claim closed in October 2010, Cruz's administrative notice was therefore filed one month out of time.

Undeterred, Cruz suggests that the district court misapplied *United States v. Kubrick*, 444 U.S. 111, 100 S. Ct. 352 (1979), in calculating the accrual date of his claim, and that because he only viewed a videotape of his arrest and shooting at his sentencing in August 2009, that should form the accrual date of his claim.  We disagree.  In *Kubrick*, the Supreme Court, confronted with a plaintiff's medical malpractice FTCA claim, held that such a claim accrues "when the plaintiff knows both the existence and the cause of his injury."  *Id.* at 113, 100 S. Ct. at 355.  That

3

is so even if the plaintiff does not yet know that "the acts inflicting the injury may constitute medical malpractice." *Id.*; *see also McCullough v. United States*, 607 F.3d 1355, 1359–60 (11th Cir. 2010) (holding that a patient did not need his medical records to know the critical facts that he had been hurt and who had inflicted the injury). Based on the allegations in Cruz's complaint, he was shot on October 7, 2008, knew that he was shot, and was aware that it was some combination of officers with the ATF, the Broward County Sheriff's Office, and the City of Tamarac who shot him. Accordingly, he knew all of the critical facts required to put him on notice that he may have a claim against the government. *Kubrick*, 444 U.S. at 122, 100 S. Ct. at 359. His claim accordingly accrued on that date, and he was required to begin his investigation into potential liability at that time. *See id.*

Cruz next contends that the district court erred in failing to apply the doctrine of equitable tolling to his claim. Statutes of limitations are generally subject to equitable tolling. *See United States v. Locke*, 471 U.S. 84, 94 n.10, 105 S. Ct. 1785, 1792 n.10 (1985). We have not decided whether tolling is available under the FTCA, and we need not do so in this case, because even if we assume the doctrine applies, Cruz would not be entitled to relief. "Equitable tolling is appropriate when a movant untimely files because of *extraordinary circumstances* that are both beyond his control and unavoidable even with diligence." *Arce v.*

4

*Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006) (emphasis in original) (internal quotation marks omitted).  The plaintiff bears the burden of showing that he is entitled to equitable tolling.  Lastly, equitable tolling "is an extraordinary remedy which should be extended only sparingly." *Bost v. Fed. Express Corp.*, 372 F.3d 1233, 1242 (11th Cir. 2004) (internal quotation marks omitted).  Cruz generally alleges that he could not meet the two-year filing deadline because he was transferred between prisons, did not immediately have access to the video of his shooting, and originally obtained bad legal advice from a fellow inmate.  All of these circumstances were within his control or reasonably avoidable with due diligence.  *Arce*, 434 F.3d at 1261.  None of the allegations necessitate the extraordinary relief—to be extended only sparingly—that is equitable tolling.  *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 458 (1990) (explaining that "the principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect").

Finally, and insofar as Cruz's brief can be liberally construed to raise any other claims not discussed above, we find them to be without merit.

**AFFIRMED.**

5