[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-16282
Non-Argument Calendar

_____

D.C. Docket No. 1:12-cv-23533-FAM

LESLIE STUART,
d.b.a. Stuartboys Auto Sales,

Plaintiff-Appellant,

versus

UNITED STATES GOVERNMENT,
GREG GOMMEL,
Supervisor, C.B.P. (D.H.S.), in his official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 11, 2013)

Before CARNES, Chief Judge, BARKETT, and BLACK, Circuit Judges.

PER CURIAM:

Leslie Stuart, an alien who resides in the Bahamas, appeals pro se the district court's dismissal of his suit brought under the Federal Tort Claims Act (FTCA), 28 U.S.C §§ 1346(b), 2671–2680.  We affirm.[1]

Stuart's claims do not fall within the class of suits for which the United States has waived its sovereign immunity under the FTCA.  *See, e.g.*, *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979) (noting that the FTCA's waiver of sovereign immunity must be strictly construed).  Section § 2680(k) of the FTCA provides that the United States has not waived its sovereign immunity with respect to "[a]ny claim arising in a foreign country."  28 U.S.C. § 2680(k).  The FTCA does not define "foreign country."  But the Supreme Court has construed that term to mean any foreign "region or tract of land"—even one that "has no recognized government."  *Smith v. United States*, 507 U.S. 197, 201 (1993) (internal quotation marks omitted).

Under that controlling definition, Stuart's claims arose in a foreign country.  Stuart alleges immigration officials acted improperly at a preclearance site in the Bahamas, denying him entry to the United States based on purportedly false information.  As a matter of law, however, the Bahamanian preclearance site where Stuart's claims arose is not within the United States.  *See, e.g.*, 8 U.S.C. § 1225a.

---

[1] We review the district court's dismissal for lack of jurisdiction de novo, *Carter v. Rodgers*, 220 F.3d 1249, 1252 n.3 (11th Cir. 2000), and we may affirm on any ground supported by the record, *Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1088 n.21 (11th Cir. 2007).

Rather, that site, and others like it, are located within their foreign host country, *see id.*, and preinspection is performed completely "at the port or place in the foreign territory," *see* 8 C.F.R. § 235.5(b); *see also Bishop v. United States*, 355 F.2d 617, 618 (Ct. Cl. 1966) (describing the history of extraterritorial immigration inspections in the Bahamas and elsewhere).

Thus, because Stuart's claims arose in the Bahamas, and because the Bahamas is a "foreign country" under § 2680(k) of the FTCA, Stuart's claims are jurisdictionally barred.[2]  *See Smith*, 507 U.S. at 202–03; *see also United States v. Sherwood*, 312 U.S. 584, 586 (1941) (holding that waiver of sovereign immunity is a jurisdictional perquisite, and that such immunity must be waived unequivocally). Accordingly, the district court's order dismissing Stuart's amended complaint is **AFFIRMED**.

---

[2] Stuart's remaining claims were properly dismissed as facially implausible.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Some of those claims are foreclosed by binding precedent.  *See, e.g.*, *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (limiting *Bivens* actions to suits against officers in their individual capacities—not federal agencies or officers in their official capacity); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (holding that mandamus is appropriate only when, among other things, the defendant owes the plaintiff a clear, non-discretionary duty); *United States v. Martinez–Fuerte*, 428 U.S. 543, 551 (1976) (upholding the constitutionality of fixed immigration checkpoints).  Others require dismissal because they are either (1) barred under the doctrine of consular nonreviewability, *see Saavedra Bruno v. Albright*, 197 F.3d 1153, 1159 (D.C. Cir. 1999); (2) based on federal criminal statutes or immigration regulations that do not provide private causes of action, *see Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190 (1994); or (3) not actionable under the FTCA, *see Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001) (stressing the FTCA "was designed to provide redress for *ordinary torts recognized by state law*" (emphasis added)).