[Civ. No. 211. Third Appellate District.—May 15, 1906.]

STOCKTON SAVINGS AND LOAN SOCIETY, Respondent, v. LAVINIA SADDLEMIRE, BIRDIE E. SADDLEMIRE, MARY A. SADDLEMIRE, and FRANK SADDLEMIRE, Appellants.

HOMESTEAD DECLARED BY DECEASED HUSBAND—TITLE OF WIFE AS SURVIVOR—INTEREST OF CHILDREN.—Where a homestead was declared by the husband in his lifetime, whether upon community property or upon his separate property, upon his death the title vested absolutely in the wife as survivor, and their children took no title or interest therein.

ID.—TRUST DEED BY SURVIVING WIFE AND CHILDREN—TITLE ACQUIRED UNDER TRUST—IMMATERIAL FRAUD OR MISTAKE.—The title being solely in the surviving wife, the facts that the children joined in a deed of trust executed by her, and that fraud or deceit were practiced upon them, or that they were under any mistake of law of fact, are immaterial, and cannot affect or impair the effect of the deed of trust created by their mother, or the title acquired by deed from the trustees to the respondent, according to the terms of the trust.

ID.—ACTION BY PURCHASER—EVIDENCE—DECLARATION OF HOMESTEAD. In an action by the purchaser to enforce his title acquired under the deed of trust, the declaration of homestead declared by the deceased husband in his lifetime, which was duly executed, acknowledged and recorded, was admissible, upon foundation laid by proof of every fact essential to the existence of the right evidenced thereby.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial. F. H. Smith, Judge.

The facts are stated in the opinion of the court, and in the opinion in 144 Cal. 652, therein referred to.

J. F. Ramage, and C. H. Fairall, for Appellants.

Nicol & Orr, for Respondent.

McLAUGHLIN, J.—The defendant, Lavinia Saddlemire, is the mother of the other defendants, who were parties to

an action, wherein it was pointedly and distinctly held that they had no interest whatever in the property here in controversy. (*Saddlemire* v. *Stockton S. & L. Soc.*, 144 Cal. 652, 79 Pac. 381.) It was there decided that the property vested absolutely in their mother, upon the death of their father, who had declared a homestead on the premises in his lifetime. The facts upon which the decision in the case at bar depends are identical with the facts in the case cited, and hence it would be useless repetition to rehearse them here.

As the title to the premises was vested in defendant Lavinia Saddlemire when she executed the trust deed, it follows as a matter of law from the unquestioned facts, that the deed executed by the trustees, according to the terms of the trust, vested the title in respondent.

We cannot see how fraud or deceit practiced upon the children, who joined their mother in the execution of such trust deed, or any misapprehension of law or fact by them could impair the title thus acquired. The law conserves rights by relieving parties from the result of fraud, deceit or mistake, but it does not dally with the complaints of those who were deprived of no right, and hence could not have been harmed by fraudulent practices, nor injured by any acts resulting from their own guilelessness. It results that the special defense pleaded by the children could not avail to defeat the effect of the deed executed and delivered by their mother.

There was no error in admitting the declaration of homestead. The foundation therefor was laid by proving every fact essential to the existence of the right evidenced by such declaration, which was duly executed, acknowledged and recorded. (Civ. Code, secs. 1262-1264.)

The judgment and order are affirmed.

Buckles, J., and Chipman, P. J., concurred.