McDONALD, Justice.
The City of Sunrise, Florida seeks reversal of a final order denying its motion to intervene in a bond validation proceeding initiated by the Town of Davie, Florida.[1] We affirm the trial court’s order.
Davie sought to validate approximately $35,000,000 of water and sewer bonds for the primary purpose of acquiring, constructing, improving, and expanding its present water and sewer system. Sunrise sought to intervene because it feared that Davie’s expansion would preempt services now being delivered by Sunrise in a portion of Davie.[2] Davie, claiming that Sunrise had no standing and that it sought to raise an issue collateral to the scope of a bond validation hearing, objected to Sunrise’s intervention. The trial court agreed, disallowed the intervention, and approved the bonds.
We agree with Davie that Sunrise’s claim that a portion of the funds to be received from the sale of revenue bonds may possibly be used in violation of section 180.06, Florida Statutes (1983), is not a pertinent issue to be raised in the validation hearing. We find that McCoy Restaurants, Inc. v. City of Orlando, 392 So.2d 252 (Fla.1980), and State v. City of Daytona Beach, 431 So.2d 981 (Fla.1983), control. Hence, the trial judge did not abuse his discretion in denying a motion to intervene when the motion sought to raise a matter not germane to the validation.[3]
The order of the trial judge denying intervention is affirmed.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, ALDERMAN, EHRLICH and SHAW, JJ., concur.

. Our jurisdiction arises from art. V, § 3(b)(2), Fla. Const.

. Sunrise had purchased the utility performing these services from a private utility company before this territory became a part of Davie.

.We also note, though having no affect on our legal conclusion, that Davie has by supplemental ordinance disavowed any intention to provide services to the territory now being served by Sunrise.