ORFINGER, J.
Khilena Adhin, Tenita Issacs, Eileen Barcene, Khilesh Adhin, Praimkumarie Bi-pat, Shazida Singh, Mohamed O. Sadick, Cyril S. Joseph, Davitri Persaud, Claude Walcott, UMS, LLC d/b/a Unique Mortgage Solutions, Countrywide Home Loans, Inc., Countrywide Bank, FSB, Popular Mortgage Corporation, Popular Mortgage, Inc., and J.P. Morgan Chase Bank, N.A. (collectively “Appellants”) appeal the trial court’s order denying their motion to intervene in the mortgage foreclosure proceedings initiated by First Horizon Home Loans, as successor-in-interest to First Horizon Home Loan Corporation (“First Horizon”). The trial court denied intervention, concluding Appellants’ motion was untimely under section 48.23(l)(b), Florida Statutes (2008).[1] Appellants contend that section 48.23(l)(b), a lis pendens statute allowing the holders of unrecorded property interests only twenty days from the recording date of the lis pendens to intervene in an action affecting property, unconstitutionally conflicts with Florida Rule of Civil Procedure 1.230, which gives interested parties the right to intervene “at any time” during the litigation.[2] We disagree and affirm.
In October 2005, J & J Building and Development, LC (“J & J”) executed and delivered a $10 million promissory note for a construction loan to First Horizon.[3] To secure the debt, J & J executed and deliv *1249 ered two mortgages to First Horizon, encumbering properties known generally as the Highland Oaks and Blue Lakes properties. First Horizon promptly recorded the mortgages. J & J used a portion of the construction loan funds to build thirteen homes on separate lots within the encumbered properties.
Some months later, J & J encountered financial difficulties and was nearing default on the construction loan. In an effort to work out the loan, First Horizon and J & J entered into an agreement with Ravi Roopnarine to market and sell the properties and the homes that J & J built. Roopnarine, on J & J’s behalf, sold the thirteen homes built by J & J with the mortgage proceeds. Appellants, the purchasers of those homes and their lenders, are the putative intervenors. Appellants claim that as their transactions closed, the closing agent was to use a portion of the purchase proceeds to obtain partial releases of their lots from the lien of First Horizon’s mortgage. Instead, the closing agent gave the sale proceeds to Roopna-rine and failed to record Appellants’ deeds or the associated purchase money mortgages. Roopnarine paid $1.5 million to First Horizon, which it claims it applied to a forbearance agreement, reducing the aggregate amount of First Horizon’s outstanding debt, but not releasing the individual parcels of property purchased or financed by Appellants.
Ultimately, J & J defaulted on the loan and First Horizon filed a complaint seeking to foreclose its mortgages encumbering the properties, including the thirteen lots that Appellants claim to have purchased or financed. First Horizon also filed a Notice of Lis Pendens covering the subject properties, which it recorded the same day. None of the Appellants were named in First Horizon’s complaint. Fifty-nine days after First Horizon’s foreclosure suit was filed and the lis pendens was recorded, Appellants recorded their deeds and mortgages. A few days later, Appellants sought to intervene in the foreclosure action, asserting their respective ownership and mortgagee interests in the thirteen lots, and claiming that their interests would be adversely affected by a foreclosure judgment in First Horizon’s favor. Appellants also sought to conduct discovery to determine whether First Horizon knew or should have known of their interests in the properties.
First Horizon opposed Appellants’ motion, arguing Appellants were beyond the twenty-day window allowed for intervention established by section 48.23(1)(b). The trial court agreed and denied the motion to intervene. Appellants sought rehearing, arguing that section 48.23(l)(b) unconstitutionally conflicts with Florida Rule of Civil Procedure 1.230, which authorizes intervention “at any time.” More specifically, Appellants argued that section 48.23(l)(b) usurps the Florida Supreme Court’s rulemaking authority. First Horizon disagreed, arguing, inter alia, that the statute was substantive, not procedural, and was properly enacted by the Legislature. The trial court agreed with First Horizon’s position and denied rehearing. This appeal followed.
An order denying a motion to intervene is final as to, and appealable by, the movant. See, e.g., City of Sunrise v. Town of Davie, 472 So.2d 458, 459 (Fla. 1985); Y.H. v. F.L.H., 784 So.2d 565, 567-68 (Fla. 1st DCA 2001). Ordinarily, a trial court’s denial of a motion to intervene is reviewed for an abuse of discretion. See Superior Fence & Rail of N. Fla. v. Lucas, 35 So.3d 104, 104 (Fla. 5th DCA 2010). However, because this appeal concerns pure questions of law, we review the matter de novo. See Ellis v. Hunter, 3 So.3d 373, 379 (Fla. 5th DCA 2009).
*1250 There is a strong presumption in favor of the validity of all legislative enactments. Ellis, 3 So.3d at 378. Statutes “should be held constitutional if there is any reasonable theory to that end.” Bonvento v. Bd. of Pub. Instruction of Palm Beach County, 194 So.2d 605, 606 (Fla. 1967); see Sunset Harbour Condo. Ass’n v. Robbins, 914 So.2d 925 (Fla.2005); Ellis, 3 So.3d at 378. Indeed, this Court is bound to resolve all doubts as to the validity of a statute in favor of its constitutionality, provided that the statute is given a fair construction that is consistent with the federal and state constitutions as well as with the legislative intent. Caple v. Tuttle’s Design-Build, Inc., 753 So.2d 49, 51 (Fla. 2000). The “unconstitutionality must appear beyond all reasonable doubt before [a statute] is condemned.” Bonvento, 194 So.2d at 606. As a result, a party “ ‘who challenges the constitutional validity of a statute bears a heavy burden of establishing its invalidity.’ ” Dickerson v. State, 783 So.2d 1144, 1146 (Fla. 5th DCA 2001) (quoting Wright v. State, 739 So.2d 1230, 1231 (Fla. 1st DCA 1999)).
Appellants argue that section 48.23(l)(b), violates the principle of separation of powers by infringing on the rule-making authority of the Florida Supreme Court. Article V, section 2(a) of the Florida Constitution gives the Florida Supreme Court the exclusive authority to “adopt rules for the practice and procedure in all courts.” Art. V, § 2(a), Fla. Const. Article II, section 3 of the Florida Constitution prohibits one branch of government from exercising “any powers appertaining to either of the other branches unless expressly provided herein.” These two constitutional provisions make it clear that the Legislature is empowered to enact substantive law, while the supreme court has the authority to enact procedural rules. See Allen v. Butterworth, 756 So.2d 52, 59 (Fla.2000). The issue that we must resolve is whether the 2008 version of section 48.23(l)(b) is a procedural statute that im-permissibly encroaches on the Florida Supreme Court’s rulemaking authority, or a substantive statute properly within the purview of the Legislature.
Courts have long been befuddled by the task of differentiating substantive statutes from procedural statutes, because the boundary between the two is imprecise. It is often difficult to distinguish whether a particular matter involves substance or procedure, especially because a substantive right must be implemented procedurally. James R. Wolf, Inherent Rulemaking of an Independent Judiciary, 56 U. Miami L. Review 507, 527 (Apr. 2002). In its most basic form, “substantive law prescribes the duties and rights under our system of government.... Procedural law concerns the means and methods to apply and enforce those duties and rights.” Benyard v. Wainwright, 322 So.2d 473, 475 (Fla.1975). However, the distinction between substantive and procedural law is neither simple nor certain. Caple, 753 So.2d at 53.[4]
*1251 To further complicate matters, at times, a statute may not fall neatly into either a procedural or substantive classification. Massey v. David, 979 So.2d 931, 937 (Fla. 2008). In those cases, the supreme court has held that when a statute contains some procedural aspects, but those provisions are intimately intertwined with the substantive rights created by the statute, the statute will not be viewed as impermissibly intruding on the practice and procedure of the courts in a constitutional sense, causing a constitutional challenge to fail. See Copie, 753 So.2d at 54; see also State v. Raymond, 906 So.2d 1045, 1049 (Fla.2005).
“Lis pendens” literally means a pending lawsuit, and is defined as the jurisdiction, power, or control that courts acquire over property involved in a pending suit. See De Pass v. Chitty, 90 Fla. 77, 105 So. 148, 149 (1925). The notice, typically recorded in the chain of title was, at common law, intended to warn all persons that a certain piece of property was the subject of litigation, and that any interests acquired during the pendency of the suit were subject to its outcome. Black’s Law Dictionary 942-43 (7th ed. 1999). The term developed from a common law doctrine that the result of pending litigation affecting property superseded transactions concerning the property before termination of the litigation. See De Pass, 105 So. at 149.
The purpose of a common law notice of lis pendens was to notify third parties “that whoever subsequently acquires an interest in the property will stand in the same position as the current owner/vendor, and take the property subject to whatever valid judgment may be rendered in the litigation.” See Avalon Assocs. of Delaware Ltd. v. Avalon Park Assocs., Inc., 760 So.2d 1132, 1134 (Fla. 5th DCA 2000) (citing De Pass, 105 So. at 149); see Taylor v. Steckel, 944 So.2d 494, 497 (Fla. 3d DCA 2006). A notice of lis pendens also operates to protect its proponent by preventing intervening liens that could impair or extinguish claimed property rights. Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993); see also Med. Facilities Dev., Inc. v. Little Arch Creek Prop., Inc., 675 So.2d 915, 917 (Fla.1996); Fla. W. Realty Partners, LLC v. MDG Lake Trafford, LLC, 975 So.2d 479, 480 (Fla. 2d DCA 2007); Fischer v. Fischer, 873 So.2d 534, 536 (Fla. 4th DCA 2004). A notice of lis pendens protects both the lis pendens proponent and third parties by alerting “creditors, prospective purchasers and others to the fact that the title to a particular piece of real property is involved in litigation.” S & T Builders v. Globe Props., Inc., 944 So.2d 302, 303 n. 1 (Fla.2006) (quoting Am. Legion Cmty. Club v. Diamond, 561 So.2d 268, 269 n. 2 (Fla.1990)). It also enables a court “to deal with the property and preserve its jurisdiction over the subject matter.” Avalon Assocs., 760 So.2d at 1134.
The filing of a notice of lis pendens does not create an interest in property, nor does it create any superior *1252 substantive property rights for the litigant who files one. Nat’l Bank of Sarasota v. Dugger, 385 So.2d 859, 861 (Fla. 2d DCA 1976). The notice merely serves to protect the interests of a lien claimant against a subsequent purchaser by giving constructive notice of the claim of lien when actual notice has not been given. Westburne Supply, Inc. v. Cmty. Villas Partners, Ltd., 508 So.2d 431, 434-35 (Fla. 1st DCA 1987). The lis pendens mechanism is not designed to aid either side in a dispute between private parties. Rather, lis pen-dens is designed primarily to protect unidentified third parties by alerting prospective purchasers of property as to what is already on public record, i.e., the fact of a suit involving property. 51 Am.Jur.2d Lis Pendens § 2 (2010).
From these authorities, it is clear that the common law lis pendens doctrine is fundamentally procedural because it affords only a more adequate method of notice to anyone with an interest and protects the status quo until a party’s substantive rights in a piece of property can be determined. However, it generally does not confer any additional substantive right. 51 Am.Jur.2d Lis Pendens § 1 (2010); see Kelly v. Perry, 111 Ariz. 382, 531 P.2d 139, 140 (1975). Accord Mary-land-Nat. Capital Park & Planning Comm’n v. Town of Washington Grove, 408 Md. 37, 968 A.2d 552, 583 (2009) (stating that “[i]n our state, the lis pendens doctrine has its foundations in common law and remains mostly there ... [and] the only procedural reference to lis pendens is set out in [rule], which contains no substantive modification of the common law”); Beers v. Ross, 137 Wash.App. 566, 154 P.3d 277, 282 (2007) (reiterating that in Washington, lis pendens is “procedural only; it does not create substantive rights in the person recording the notice”); In re Anderson, 266 B.R. 128, 134 (Bankr. N.D.Ohio 2001) (stating that lis pendens is procedural device to protect status quo of interest in property and does not create substantive right).
However, in Florida, the doctrine of lis pendens, although derived from the common law, is wholly statutory and includes matters well beyond simply maintaining the status quo. See § 48.23, Fla. Stat. (2008); see also Taylor, 944 So.2d at 497; Henry P. Trawick Jr., Trawick’s, Fla. Practice & Procedure § 8:31 (2007-2008 ed.). Of importance here, section 48.23(l)(b) bars holders of unrecorded interests in the property from enforcing their interests against the property if they do not intervene in pending litigation within twenty days of the filing and recording of the notice of lis pendens, provided that the property is later sold at a judicial sale.[5] There is no ambiguity in language of the statute, and thus, we need not look behind *1253 the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent. Macola v. Gov’t Employees Ins. Co., 953 So.2d 451, 457 (Fla.2006).
From its clear language, it appears that while section 48.23(l)(b) has procedural aspects, it also appears to operate as a substantive nonclaim statute or a statute of repose. A “nonclaim statute” is a self-contained statute that absolutely prohibits the initiation of litigation based on it after a prescribed period. 51 Am. Jur.2d Limitations of Actions § 10 (2010). Nonclaim statutes operate to bar untimely claims without any action by the opposing party and deprive a court of the power to adjudicate those claims. See Comerica Bank & Trust, F.S.B. v. SDI Operating Partners, L.P., 673 So.2d 163, 166 (Fla. 4th DCA 1996). A statute is a “nonclaim statute” if there is a clearly evidenced legislative intent in the statute to not merely withhold the remedy, but to take away the right of recovery when a claimant fails to present his or her claim as provided in the statute. In other words, the language creating a nonclaim statute must indicate clearly that a failure to comply with its terms bars the claim. 51 Am. Jur.2d Limitations of Actions § 11 (2010).
We believe that section 48.23(l)(b) operates as a substantive nonclaim statute because it is a self-contained statute that automatically bars enforcement against the property by the holder of the unrecorded interest after the prescribed twenty-day period, provided that the litigation proceeds to final judgment and judicial sale. See In re Brown’s Estate, 117 So.2d 478 (Fla.1960); Matter of Estate of Kubby, 929 P.2d 55 (Colo.Ct.App.1996). Because the twenty-day time limit is a built-in condition, it is the essence of the right to action. Unless the claim is filed within the prescribed twenty-day time limit, no enforceable right of action against the property exists. See Estate of Decker v. Farm Credit Servs. of Mid-Am., ACA, 684 N.E.2d 1137 (Ind.1997); see also Black’s Law Dictionary 1421 (7th ed. 1999) (defining “nonclaim statute” as “law extinguishing a claim that is not timely asserted, esp. in the context of another proceeding”).
Similarly, section 48.23(l)(b) acts as a statute of repose. A statute of repose abolishes or completely eliminates an underlying substantive right of action, not just the remedy available to the plaintiff, upon expiration of the limitation period specified in the statute. 35 Fla. Jur.2d Limitations & Laches § 5 (2010). Unlike a statute of limitations, it is a substantive statute that not only bars enforcement of an accrued cause of action, but may also prevent the accrual of a cause of action when the final element necessary for its creation occurs beyond the time period established by the statute; Houck Corp. v. New River, Ltd., Pasco, 900 So.2d 601, 603 (Fla. 2d DCA 2005). It provides a substantive right to be free from liability after the established time period. Id.; see Am. Bankers Life Assur. Co. of Fla. v. 2275 West Corp., 905 So.2d 189 (Fla. 3d DCA 2005). Unlike a common-law notice of lis pendens, which is simply a procedural device designed to protect the status quo until a party’s substantive rights in an item of property can be determined, section 48.23(l)(b) affects the substantive property rights of unrecorded interest holders by barring their cause of action after the prescribed period and discharging their unrecorded liens and interests if they do not intervene within twenty days of the recording and the property is later sold at a judicial sale. See Beach v. Great Western Bank, 692 So.2d 146 (Fla.1997), affirmed, 523 U.S. 410, 118 S.Ct. 1408, 140 L.Ed.2d 566 (1998); Carr v. Broward County, 541 So.2d 92 (Fla.1989); Universal Eng’g Corp. v. Perez, 451 So.2d 463 (Fla.1984). See generally Logan v. Zim *1254 merman Brush Co., 455 U.S. 422, 428, 102 5.Ct. 1148, 71 L.Ed.2d 265 (1982); James Talcott Constr., Inc. v. P & D Land Enter., 261 Mont. 260, 862 P.2d 395, 397-98 (1993) (“The right to retain a lien until the debt secured thereby is paid is a substantive property right. Therefore, the discharge of a lien amounts to deprivation of a substantive property right.”).
We conclude that section 48.23(l)(b), Florida Statutes (2008), is substantive and that any procedural provisions contained within it are intimately related to the definition of those substantive rights. See generally Smith v. Dep’t of Ins., 507 So.2d 1080, 1092 n. 10 (Fla. 1987) (finding that when procedural sections are directly related to substantive statutory scheme then those provisions do not violate separation of powers clause of Florida Constitution); VanBibber v. Hartford Accident & Indemnity Ins. Co., 439 So.2d 880 (Fla.1983) (holding that statute that prohibited joinder of insurers was within Legislature’s power to regulate insurance industry, though it affected join-der of parties in courts). For these reasons, we determine that section 48.23(l)(b) does not violate Article V, section 2(a) of the Florida Constitution, and affirm the trial court’s order denying intervention.[6]
AFFIRMED.
TORPY and JACOBUS, JJ., concur.

. While our opinion deals with the 2008 version of the statute, the Florida Legislature amended section 48.23 to provide a longer thirty-day intervention period. The latest version of the statute went into effect on July 1, 2009. See Ch. 2009-31, Laws of Fla.

. The twenty-day window allowed for intervention under the statute does not apply to parties in possession of the subject property. While Appellants purchased these thirteen homes, they were not in possession of the homes.

.J & J renewed the promissory note one year later.

. In Haven Federal Savings & Loan Ass’n v. Kirian, 579 So.2d 730 (Fla.1991), the court explained:
Substantive law has been defined as that part of the law which creates, defines, and regulates rights, or that part of the law which courts are established to administer. It includes those rules and principles which fix and declare the primary rights of individuals with respect towards their persons and property. On the other hand, practice and procedure “encompass the course, form, manner, means, method, mode, order, process or steps by which a party enforces substantive rights or obtains redress for their invasion. ‘Practice and procedure' may be described as the machinery of the judicial process as opposed to the product thereof.” It is the method of conduct *1251 ing litigation involving rights and corresponding defenses.
Id. at 732 (internal citations omitted); see Massey v. David, 979 So.2d 931, 936-37 (Fla. 2008); Hall v. State, 823 So.2d 757, 763 (Fla. 2002); In re Fla. Rules of Crim. Pro., 272 So.2d 65, 66 (Fla. 1972) (Adkins, J., concurring)) ("Substantive rights are those existing for their own sake and constituting the normal legal order of society, i.e., the rights of life, liberty, property and reputation. Remedial rights arise for the purpose of protecting or enforcing substantive rights.”); see also Allen, 756 So.2d at 60 (stating that term ‘rules of practice and procedure' includes all rules governing parties, their counsel and court throughout progress of case from time of its initiation until final judgment and its execution).

. While we deem the statute substantive, and, therefore, not violative of Article V, section 2(a) of the Florida Constitution, an issue remains regarding whether it deprives Appellants of their right to procedural due process. The Due Process Clause of the Fourteenth Amendment prohibits any state action that deprives a person of life, liberty, or property without a fair hearing. Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 313, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). As a result, state actors must provide a party with notice and an opportunity to be heard prior to taking any action that will affect that party's property interests. Tulsa Prof'l Collection Servs., Inc. v. Pope, 485 U.S. 478, 484-85, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988).
Clearly, First Horizon’s foreclosure of its mortgage adversely affects Appellants’ property interests in the encumbered properties. We can conceive that the degree of state involvement with respect to the notice of lis pendens and the foreclosure process in general, is sufficient to constitute state action under the Fourteenth Amendment. “State action’’ is established for purposes of the Fourteenth Amendment when the state not only provides the legal framework whereby other interests in the subject property are terminated, but is “intimately involved” with the execution of the procedures that accomplish the termination of such interests. Davis Oil Co. v. Mills, 873 F.2d 774, 781 n. 12 (5th Cir.1989). If state action is involved, due process would likely require a litigant in First Horizon’s position to provide notice to anyone that it knows has a claim of interest in the property or anyone who is reasonably ascertainable. However, that argument must await another day as it was not made here. For a claim to be addressed on appeal, it must also be raised in the trial court. Baptiste v. State, 995 So.2d 285 (Fla.2008).