ORFINGER, C.J.
Centerstate Bank Central Florida, N.A. (“CSB”) appeals a final summary judgment declaring a note and mortgage given by Krause Grove Enterprises, LLC (“KGE”) to CSB to be void and of no force and effect. On appeal, CSB argues that James A. Krause and Daphney S. Krause lack standing to challenge the validity of the note and mortgage. We agree and reverse.
The Krauses owned fifteen acres of agricultural property (“Property”) that had been in their family for generations. In 2006, the Krauses entered into a joint venture with Michael Ross and Abraham Wilson to develop the Property. The Krauses claim that under the terms of the oral agreement, in exchange for the Property, they were to obtain membership in KGE. In addition, Mr. Krause was to be KGE’s chief executive, and they, along with Mr. Ross and Mr. Wilson, would share in the profits to be made as the Property was developed. The Krauses subsequently deeded the Property to KGE without consideration. However, KGE’s Articles of Organization were prepared without mention of the Krauses, instead listing Mr. Ross and Mr. Wilson as its only members.
As KGE’s managing members, Mr. Ross and Mr. Wilson executed a promissory note and mortgage in favor of CSB, encumbering five lots compi’ising a portion of the Property. At the loan’s closing, and on CSB’s request, KGE adopted a resolution certifying KGE’s existence, identifying Mr. Ross and Mr. Wilson as its only members, authorizing the two members acting together to bind KGE, and stating the resolution’s validity continued until written revocation was delivered to CSB. A year later, Mr. Ross and Mr. Wilson executed a replacement note and mortgage, again adopting an identical resolution authorizing the two members acting together to bind KGE. Days after executing the second resolution, Mr. Ross filed KGE’s annual report with the State of Florida, listing himself as KGE’s sole managing member. That same day, Mr. Ross, acting alone, applied for an additional $700,000 loan from CSB, secured by a mortgage encumbering the entire Property (collectively, “Development Loan”). CSB approved the Development Loan, and the financing documents, executed solely by Mr. Ross, included a new resolution certifying KGE’s existence and representing that Mr. Ross, as sole managing member, was now authorized to bind KGE.[1]
After becoming aware of the Development Loan, the Krauses filed suit against Mr. Ross and KGE, claiming breach of contract and fraud in the inducement regarding the Property’s transfer. They sought the imposition of a constructive trust and equitable lien on the Property.[2] The Krauses also recorded a lis pendens affecting the entire Property.
KGE subsequently defaulted on both outstanding loans. CSB filed a complaint against KGE, seeking to foreclose the Development Loan.[3] The Krauses were named as defendants in the foreclosure complaint because of their recorded lis pendens against the Property. The *28 Krauses filed an answer and counterclaim to CSB’s foreclosure action, seeking a declaration that the Development Loan was void because it had been executed solely by Mr. Ross who, they alleged, lacked the authority, acting alone, to bind KGE. CSB moved for summary judgment, asserting that the Krauses lacked standing to challenge the enforceability of the Development Loan. The Krauses also moved for summary judgment, again challenging Mr. Ross’s authority to execute the Development Loan. The trial court denied CSB’s summary judgment motion, finding that the Krauses had standing and granted the Krauses’ motion for summary judgment declaring the Development Loan void and unenforceable, finding that Mr. Ross lacked the authority to borrow money and encumber property on KGE’s behalf. This appeal followed.
Orders on standing are reviewed de novo. Putnam, Cnty. Envtl. Council, Inc. v. Bd. of Cnty. Comm’rs of Putnam Cnty., 757 So.2d 590, 594 (Fla. 5th DCA 2000). To have standing, a party must demonstrate a direct and articulable interest in the controversy, which will be affected by the outcome of the litigation. Hayes v. Guardianship of Thompson, 952 So.2d 498, 505 (Fla.2006); Brown v. Firestone, 382 So.2d 654, 662 (Fla.1980); Wheeler v. Powers, 972 So.2d 285 (Fla. 5th DCA 2008). Standing depends on whether a party has a sufficient stake in a justiciable controversy, with a legally cognizable interest that would be affected by the outcome of the litigation. Gieger v. Sun First Nat’l Bank of Orlando, 427 So.2d 815, 817 (Fla. 5th DCA 1983). The interest cannot be conjectural or merely hypothetical. Punsky v. Clay Cnty. Bd. of Cnty. Comm’rs, 60 So.3d 1088, 1092 (Fla. 1st DCA 2011); Peregood v. Cosmides, 663 So.2d 665, 668 (Fla. 5th DCA 1995). The issue of whether a party has standing in a particular action is not subject to a blanket rule, but, instead, requires examination of the asserted interest. See Hayes, 952 So.2d at 505 (“[Sjtanding to bring or participate in a particular legal proceeding often depends on the nature of the interest asserted.”).
The Krauses posit that the lis pendens they filed and recorded on the Property gives them standing to challenge the validity of the Development Loan to which they are otherwise strangers. We disagree. “Lis pendens” literally means a pending lawsuit, and is defined as the jurisdiction, power, or control that courts acquire over property involved in a pending suit. Adhin v. First Horizon Home Loans, 44 So.3d 1245, 1251 (Fla. 5th DCA 2010). The lis pendens mechanism is not designed to aid either side in a dispute; instead, the purpose of a notice of lis pen-dens is to notify third parties of pending litigation and protect its proponents from intervening liens that could impair or extinguish claimed property rights. Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla. 1993); Adhin, 44 So.3d at 1251-52; Avalon Assocs. of Del. Ltd. v. Avalon Park Assocs., Inc., 760 So.2d 1132, 1134 (Fla. 5th DCA 2000). Standing to record a lis pendens only requires a complaint that supports a claim against the specific property. Tortu v. Tortu, 430 So.2d 531, 532 (Fla. 4th DCA 1983). On the other hand, standing to contest the validity of a mortgage belongs to the mortgagor and to third persons whose rights or interests are adversely affected by the mortgage, such as junior mortgagees or creditors with an interest or lien in the underlying property. See Jamnadas v. Singh, 731 So.2d 69 (Fla. 5th DCA 1999) (reversing dismissal where property owners allege mortgages on their property were forgeries, and thus, void); Stockton Sav. & Loan Soc. v. Saddlemire, 3 Cal.App. 525, 86 P. 723 (1906); Lafitte v. *29 Gigliotti Pipeline, Inc., 624 So.2d 844, 845 (Fla. 2d DCA 1993) (finding lienholder had standing to contest mortgage holder’s priority where mortgage incorrectly described underlying property); New York Life Ins. and Annuity Corp. v. Hammocks Cmty. Ass’n, Inc., 622 So.2d 1369 (Fla. 3d DCA 1993); Roy v. Enter. Bldg. Corp., 561 So.2d 341, 343 (Fla. 2d DCA 1990) (upholding validity of mortgage complained to be void by party with competing property interest); see also Murray v. United States, 15 Cl.Ct. 17 (Cl.Ct.1988) (holding Internal Revenue Service has standing to challenge validity of mortgage of seized property).
The Krauses have no established interest in the Property. While their claims may have been sufficient to allow the recording of a lis pendens, as the Krauses concede, the notice did not create any interest or substantive rights in the Property. Adhin, 44 So.3d at 1251-52. Instead, the lis pendens merely served to protect the Krauses’ asserted interest against any subsequent purchaser by giving constructive notice of their claim. Westburne Supply, Inc. v. Cmty. Villas Partners, Ltd., 508 So.2d 431, 434-35 (Fla. 1st DCA 1987). To be affected by the outcome of this matter, the Krauses would first have to be successful in their litigation against Mr. Ross and KGE that seeks to establish an interest in the Property. Such an “interest” is far too speculative and remote to confer standing on the Krauses to challenge the Development Loan’s validity.
As a general rule, only the corporation or its owners have standing to assert that its corporate officers acted without authority in their execution of a mortgage. Dillon v. Myers, 58 Colo. 492, 146 P. 268, 272 (1915) (holding creditors who obtained judgment subsequent to corporation’s execution of mortgage had “no right” to challenge mortgage’s execution); Liberty Bank & Trust Co. v. Dapremont, 844 So.2d 877, 892 (La.Ct.App. 2003) (holding that, where there was question of impropriety of party to mortgage corporate property “only the corporation would have standing to complain of his unauthorized act”); 7 W. Fletcher, Cyclopedia of the Law of Private Corporations § 3138 (2006); accord In re Inti Resorts, Inc., 46 B.R. 405, 416 (N.D.Ala. 1984) (explaining that, under Alabama law, unauthorized acts are voidable by corporation and its stockholders but not by creditor because corporate directors, officers and agents owe fiduciary duty to corporation but not to creditors). The Krauses were not members of KGE, nor were they seeking to obtain an interest in it. Instead, their complaint against KGE and Mr. Ross sought only to recover the Property. Because the Krauses have no ownership interest in KGE, as strangers to the Development Loan, they lack standing to challenge its proper authorization. Likewise, they lack standing to assert that the Development Loan is void because they have no interest in the Property.
For these reasons, we reverse the trial court’s final summary judgment. Because the Krauses lack standing to challenge the validity of the Development Loan, on remand, the trial court shall enter judgment in favor of CSB.
REVERSED and REMANDED
EVANDER and COHEN, JJ., concur.

.CSB’s internal loan analysis documents indicated that KGE was "owned 100% by Mike Ross,” and it confirmed that ownership by reviewing the records on file with the Florida Department of State, Division of Corporations’ website. Its internal analysis stated ”[w]hen the loan was originally open Mike Ross and Abe Wilson were the managing partners of Krause. There has been a falling out between Wilson and Ross....”

. This is a separate action from the instant appeal.

. Only the Development Loan is at issue in this appeal.