[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13381

Non-Argument Calendar

_____

JOHN F. JONES,

                                        Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Defendant-Appellee,

U.S. DEPARTMENT OF VETERANS AFFAIRS,

                                        Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-23248-DPG

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

John F. Jones, proceeding *pro se*, appeals the district court's dismissal of his complaint under the Federal Tort Claims Act ("FTCA") as barred by Florida's statute of repose for medical malpractice actions, Fla. Stat. § 95.11(4)(c). Jones alleged that the U.S. Department of Veterans Affairs ("VA") committed medical malpractice by failing to properly diagnose and treat his serious mental-health issues, and that he committed a child sex offense as a result. The district court concluded that, because Jones submitted his claim after the statute of repose had run, the government could not be held liable under state law, a requirement for FTCA lawsuits, so it dismissed the action for lack of subject-matter jurisdiction. On appeal, Jones maintains that the FTCA preempts the Florida statute of repose. We disagree and, accordingly, affirm.

**I.**

Jones is a veteran. He sought treatment at several VA facilities between 1997 and 2007 for progressively worsening intrusive thoughts about sex and violence. Jones feared he was a danger to others and could not control his impulses without treatment, but, according to Jones, the VA failed to diagnose or treat his mental-

health issues, including sexual trauma and post-traumatic stress disorder. In 2008, Jones was convicted in Florida state court for molesting a child, and he was sentenced to 25 years' imprisonment.

In June 2017, Jones submitted an administrative claim with the VA under the FTCA, *see* 28 U.S.C. § 2675, alleging that the VA had failed to properly diagnose and treat his sexual trauma and PTSD, and that this failure led to his preventable criminal conduct and incarceration. He demanded "[a] review of V.A. policies" and nearly $9,000,000 in damages.

The VA denied Jones's claim as time barred, finding that it was not brought within two years of accrual, as required by the FTCA. Jones filed a request for reconsideration in March 2018, which the VA denied in January 2020 on the same grounds.

Jones filed his initial *pro se* complaint in federal court in August 2020, and an amended complaint in October 2021, alleging that the government was liable under the FTCA for the VA's medical malpractice. The government moved to dismiss the complaint as barred by Florida's statute of repose for malpractice actions, Fla. Stat. § 95.11(4)(c), and by the FTCA's two-year statute of limitations for presenting a claim to the appropriate agency, 28 U.S.C. § 2401(b).

Jones responded that the Florida statute of repose was preempted by the FTCA's statute of limitations and that federal law, not state law, governed claim accrual. And he maintained that his malpractice claim did not accrue until 2016, when he reviewed

his medical records and "discovered the truth about the VA's negligence and malpractice."

The district court granted the government's motion and dismissed Jones's complaint based on Florida's statute of repose. The court found that Jones's claims related to conduct that occurred before his incarceration in 2008, so the latest he could have brought his malpractice claims in Florida was 2015. Because Jones "did not initiate his claims until 2017," the court stated, they were barred under Florida law, and so it dismissed the action for lack of subject-matter jurisdiction. The court rejected Jones's preemption argument and did not address the government's FTCA statute-of-limitations argument. Jones appeals.

## II.

We review *de novo* a district court's dismissal of a claim for lack of subject-matter jurisdiction. *Zelaya v. United States*, 781 F.3d 1315, 1321 (11th Cir. 2015). "The burden of establishing that a claim falls within our jurisdiction rests upon the party asserting jurisdiction." *Smith v. United States*, 14 F.4th 1228, 1232 (11th Cir. 2021). We liberally construe the filings of *pro se* litigants. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III.

The FTCA—the exclusive remedy for tort claims against the government—provides a limited waiver of sovereign immunity "for claims arising from torts committed by federal employees acting within the scope of their employment." *Motta ex rel. A.M. v. United States*, 717 F.3d 840, 843 (11th Cir. 2013); 28 U.S.C.

§§ 1346(b)(1), 2679(b)(1). To take advantage of this limited waiver, the claimant must present his claims to the appropriate federal agency within two years of the date that the claim accrues. 28 U.S.C. § 2401(b). After six months or denial of the claim by the agency, the claimant may file suit in federal court. *See* 28 U.S.C. §§ 2401(b), 2675(a). The agency-presentment requirement has a dual purpose: "to encourage prompt settlement of claims and to ensure fairness to FTCA litigants" in dealing with or litigating against the government. *Burchfield v. United States*, 168 F.3d 1252, 1255 (11th Cir. 1999).

Timely filing alone is not enough to proceed under the FTCA, though. That's because "Congress extended jurisdiction only for claims in which 'the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Smith*, 14 F.4th at 1232 (quoting 28 U.S.C. § 1346(b)(1)). That means "the source of substantive liability under the FTCA is state law, not federal law." *Shivers v. United States*, 1 F.4th 924, 928 (11th Cir. 2021) (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 477–78 (1994)). So "unless the facts support liability under state law, the district court lacks subject matter jurisdiction to decide an FTCA claim." *Ochran v. United States*, 273 F.3d 1315, 1317 (11th Cir. 2001).

The district court concluded that the Florida statute of repose for medical malpractice claims barred Jones's lawsuit because it provided a substantive right under state law to be free from liability after the specified time period. We agree.

### A.

Medical-malpractice claims in Florida are subject to a statute of repose, now codified at Fla. Stat. § 95.11(4)(c).[1] *Kush v. Lloyd*, 616 So. 2d 415, 418 (Fla. 1992). This repose provision states that "in no event shall the action [for medical malpractice] be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued." Fla. Stat. § 95.11(4)(c). If a plaintiff can show that "fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury," the deadline is extended to "7 years from the date the incident giving rise to the injury occurred." *Id.*

A "statute of repose" works differently than a "statute of limitations." *See CTS Corp. v. Waldburger*, 573 U.S. 1, 7–9 (2014). A statute of limitations promotes "diligent prosecution of known claims by limiting the time to bring suit based on the date when the cause of action accrued." *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1247 (11th Cir. 2016) (quotation marks omitted). But a statute of repose "puts an outer limit on the right to bring a civil action based on the date of the last culpable act or omission of the defendant, whether or not an injury even occurred or was discovered." *Id.* (quotation marks omitted). A statute of repose reflects a legislative "judgment that defendants should be free from liability after

---

[1] When this case was filed, the statute of repose for medical-malpractice claims was codified at Fla. Stat. § 95.11(4)(b). The statute was amended in 2023, and the pertinent (unchanged) portion is now at § 95.11(4)(c). The parties agree that Jones's claims are subject to Florida law.

the legislatively determined period of time, beyond which the liability will no longer exist and will not be tolled for any reason." *Waldburger*, 573 U.S. at 10. Thus, a statute of repose operates as an "absolute bar" on a defendant's liability, "even in cases of extraordinary circumstances beyond a plaintiff's control." *Id.* at 8–9 (ellipsis omitted).

Florida law reflects this same basic distinction. As one Florida appellate court has explained, "[a] statute of repose abolishes or completely eliminates an underlying substantive right of action, not just the remedy available to the plaintiff, upon expiration of the limitation period specified in the statute." *Adhin v. First Horizon Home Loans*, 44 So. 3d 1245, 1253 (Fla. 5th DCA 2010). In contrast to a statute of limitations, a statute of repose is a "substantive statute that not only bars enforcement of an accrued cause of action, but may also prevent the accrual of a cause of action." *Id.* That's because a statute of repose "runs from the date of a discrete act on the part of the defendant without regard to when the cause of action accrued." *Kush*, 616 So. 2d at 418. In other words, a statute of repose "provides a substantive right to be free from liability after the established time period." *Adhin*, 44 So. 3d at 1253.

Here, Florida's statute of repose for medical-malpractice claims operates as a "substantive" limit on a defendant's liability after the established period, and so it is part of the substantive state law we apply under the FTCA. *See* 28 U.S.C. § 1346(b)(1); *Smith*, 14 F.4th at 1232; *Shivers*, 1 F.th at 928. In this case, the VA's alleged wrongful conduct occurred between 1997 and 2007, so the statute

of repose began to run no later than 2008. Even assuming Jones could show fraud, 2015 was the very latest he could have brought a medical-malpractice action, according to § 95.11(4)(b). By the time he filed his administrative claim in 2017, any liability under state law had been extinguished. *See Waldburger*, 573 U.S. at 8–10; *Adhin*, 44 So. 3d at 1253. Under otherwise identical circumstances, the government, "if a private person, would [not] be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because the facts do not "support liability under state law, the district court lack[ed] subject matter jurisdiction to decide an FTCA claim." *Ochran*, 273 F.3d at 1317.

## B.

Jones maintains that the Florida statute of repose is preempted by the FTCA. Under the U.S. Constitution's Supremacy Clause, "Congress has the power to preempt state and local laws when they conflict with federal law." *Club Madonna Inc. v. City of Miami Beach*, 42 F.4th 1231, 1252 (11th Cir. 2022).

A conflict giving rise to preemption can be express or implied. *Fla. State Conference of N.A.A.C.P. v. Browning*, 522 F.3d 1153, 1167 (11th Cir. 2008). Implied preemption—covering the categories of "field" and "conflict" preemption—occurs when (a) the "legislative scheme is so pervasive as to make the reasonable inference that Congress left no room for the states to supplement it"; (b) "it is physically impossible to comply with both the federal and the state laws"; or (c) "the state law stands as an obstacle to the

objective of the federal law." *Id.* (quotations marks omitted); *see also Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 486 (11th Cir. 2015). In analyzing preemption issues, "we look at Congress's purpose in enacting the federal law, . . . guided by the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Club Madonna*, 42 F.4th at 1253 (citation and quotation marks omitted).

Jones relies on a substantial body of district-court case law concluding that state statutes of repose are preempted where the plaintiff submits an FTCA administrative claim within the repose statute's period, but the period expires before the FTCA lawsuit is commenced.[2]  Broadly speaking, these cases reason that, because the FTCA requires plaintiffs to present their claim to the agency for resolution before filing suit, permitting a statute of repose to run in these circumstances would significantly impede the FTCA's goal of resolving claims through the administrative process.  Otherwise, claimants may be forced to rush through or abort that process so as not to run afoul of an expiring statute of repose.  Nor does it serve the purposes of state law to apply a statute of repose when the government has notice of the claim within the relevant period.

---

[2] *See, e.g.*, *Halvorson v. United States*, 381 F. Supp. 3d 1115, 1118 (D. S.D. 2019); *Huntoon v. United States*, No. 1:14-cv-178, 2017 WL 11500195, at *3–4 (N.D. Fla. Sept. 23, 2017).  At least one district court has reached the same result in a different way, concluding that "principles of statutory construction, instead of a preemption analysis, is the better analytical framework." *Radix v. United States*, No. 16-cv-80669, 2018 WL 11353638, *5 n.3 (S.D. Fla. June 4, 2018).

Even assuming this analysis is broadly correct, however, Jones's case does not fit that same paradigm, so the same reasoning does not apply. As we explained above, Jones initiated his administrative claim well after the statute of repose expired, so there is no concern here of a claim being extinguished during the pendency of the administrative process. Thus, this case lacks the tension between state and federal law that animated the district-court preemption decisions. And applying the statute of repose in this case serves its ordinary purposes, since the government first received notice of the claim after the period established in the statute of repose. *See Waldburger*, 573 U.S. at 8–9; *Adhin*, 44 So. 3d at 1253.

Insofar as Jones maintains that state statutes of repose are preempted altogether by the FTCA, we disagree. As the Ninth Circuit has observed, "the fact that the FTCA supplants state statutes of limitations does not mean it overrides state statutes of repose," even though both types of statutes broadly concern timeliness. *Bennett v. United States*, 44 F.4th 929, 936–37 (9th Cir. 2022); *see Waldburger*, 573 U.S. at 3, 12–18 (holding that a federal discovery rule in toxic-tort cases, 42 U.S.C. § 9658, preempted conflicting state statutes of limitations, but not statutes of repose). Both the Supreme Court and Florida law have been clear that a statute of repose has a different purpose than a statute of limitations, operating as a substantive bar on a defendant's liability regardless of when or if a claim accrued. *See Waldburger*, 573 U.S. at 8–10; *Adhin*, 44 So. 3d at 1253. And far from impliedly preempting state substantive law on liability, the FTCA expressly incorporates it, providing for a waiver of immunity only when the government, "if a private

person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Smith*, 14 F.4th at 1232 (quoting 28 U.S.C. § 1346(b)(1)). Concluding that statutes of repose were preempted altogether would expand the government's substantive liability beyond what a private person would face in equivalent circumstances, a position at odds with the FTCA's plain terms.

According to the Supreme Court, "[t]he case for federal preemption is particularly weak where Congress has indicated its awareness of the operation of state law in a field of federal interest, and has nonetheless decided to stand by both concepts and to tolerate whatever tension there is between them." *Waldburger*, 573 U.S. at 18 (cleaned up). And here, it's clear that the FTCA "was intended to build upon the legal relationships formulated and characterized by the states, rather than to operate with complete independence." *Richards v. United* States, 369 U.S. 1, 6–7 (1962). Given that the FTCA leaves untouched states' judgments about causes of action and the scope of liability, Jones has not shown that "statutes of repose pose an unacceptable obstacle to the attainment of [the FTCA's] purposes." *Waldburger*, 573 U.S. at 18.

## IV.

In sum, we hold that the Florida statute of repose for medical-malpractice claims, Fla. Stat. § 95.11(4)(c), is not preempted by the FTCA and that it operates to bar Jones's complaint. Because the facts do not support liability under state law, the district court

12                  Opinion of the Court                  22-13381

properly dismissed Jones's FTCA complaint for lack of subject-matter jurisdiction.[3]

    **AFFIRMED.**

---

[3] Jones's amended complaint also contains allegations that the government violated his due-process rights during the administrative process, including that the VA failed to comply with Florida's presuit requirements in malpractice cases. But any such claim is not viable in light of our holding that the statute of repose had extinguished the government's liability by the time he filed his administrative claim.